UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET MARINO, Administrator of the Estate of Joan Veres Schwartz, | : <br> : Case no. 2:20-cv-07142-ES-MAH <br> : |
| Plaintiff | : |
| v. | : <br> : |
| BRIGHTON GARDENS OF MOUNTAINSIDE, ET AL. | : <br> : <br> : |
| Defendant. | : |

# Defendant's Reply Memorandum Of Law In Support Of Motion For Summary Judgment

*On the brief:*
*Rafael Vergara, Esq.*
*Mariam A. Hashmi, Esq.*

# **TABLE OF CONTENTS**

Preliminary Statement ................................................................................................1

Legal Argument .........................................................................................................1

I.     Plaintiff's statement of undisputed facts does not create any triable issue of fact. ...................................................................................................1

II.    Plaintiff's breach of contract claim must be dismissed because Plaintiff admits failing to do what the contract required her to do—make payments. ........................................................................................3

III.   Plaintiff's new theory of restitution does not alter Plaintiff's obligation to set forth a foundation upon which damages can be awarded. ...................................................................................................6

IV.   Plaintiff waives the conversion claim. ............................................................8

V.    Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff does not have any medical or expert proof. ................................................................................................................8

VI.   Alternatively, Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff fails to satisfy the element of severity. ......................................................................................11

Conclusion ...............................................................................................................12

-ii-

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aly v. Garcia*,
    333 N.J. Super. 195 (App. Div. 2000) .................................................................. 11

*Chance v. McCann*,
    405 N.J. Super. 547 (App. Div. 2009) ............................................................... 4, 5

*Ingrassia Constr. Co., Inc. v. Vernon Twp. Bd. Of Educ.*,
    345 N.J. Super. 130 (App. Div. 2001) .................................................................. 4

*Magnet Res. Inc. v. Summit MRI, Inc.*,
    318 N.J. Super. 275 (App. Div. 1998) .................................................................. 5

*Read v. Profeta*,
    397 F. Supp. 3d 598 (D.N.J. May 29, 2019) ...................................................... 10

*Turner v. Wong*,
    363 N.J. Super. 186 (App. Div. 2003) .................................................................. 9

*Woytas v. Greenwood Tree Experts, Inc.*,
    237 N.J. 501 (2019) .............................................................................................. 5

**Preliminary Statement**

Plaintiff's vague and extensive grievances about her mother's stay at Brighton Gardens are insufficient to defeat Defendant's right to summary judgment. Plaintiff abandons the conversion claim, admits she intentionally failed to make payments under the contract she is suing under, fails to put forth any foundation upon which contract damages can be calculated or awarded, fails to point to any objective medical or expert evidence of emotional injury, and fails to put forth of any evidence of severe emotional distress. Accordingly, Plaintiff's opposition does nothing to defeat Defendant's entitlement to summary judgment and a wholesale dismissal of Plaintiff's complaint with prejudice.

**Legal Argument**

I. **Plaintiff's statement of undisputed facts does not create any triable issue of fact.**

Plaintiff responded to Defendant's material statement of facts not in dispute (ECF 62-1). The facts disputed mostly offer explanation for undisputed facts, or quibble with details, but there is nothing Plaintiff proffers that should alter Defendant's entitlement to summary judgment. For example:

- Statement 4 is disputed to explain that Plaintiff not only brought the breach of contract claim because of a failure to provide a safe and enriching environment for her mother, but also for "several material breaches." That vague reference to "several" breaches does not change Defendant's entitlement to summary judgment.

- Statement 8 is disputed to explain "Plaintiff agreed to pay for the care offered by the facility." This explanation, however, does not really even dispute Defendant's statement.

- Statements 9 and 10 are disputed to explain Plaintiff's argument about having made complaints. The statements focus on whether Plaintiff made "formal complaints" (statement 9) or a complaint "in writing" (statement 10). And Plaintiff seeks to evade the consequence of no formal or written statements by alleging having made "several complaints" to unnamed and unidentified "staff," or alleging in irrelevant and speculative fashion that Defendant "never wrote down" complaints.

- Statement 11's response explains that Plaintiff "stopped paying rent" due to alleged "mistreatment of her mother and the defendant's breaches" of contract. But those explanations do not change Defendant's undisputed statement that "Plaintiff stopped paying for Ms. Schwartz's residency at Brighton Gardens."

- Statement 12's response explains that Plaintiff out of "fear" did not communicate with Brighton Gardens that she would not be paying the bill. This alleged fear is irrelevant to both Defendant's undisputed statement and to this motion.

- Statement 23's response explains that when answering a damages interrogatory Plaintiff "expected to have an expert at trial for damages"—and that

-2-

expert never materialized. This does not change the fact that Plaintiff does not yet—even in opposition to this motion—set forth any description of the monetary damages she seeks to recover or how she computes those alleged damages.

In sum, Plaintiff disputes some facts asserted in Defendant's undisputed statement of facts. But the extent of Plaintiff's dispute with the facts does not deny Defendant its right to summary judgment.

## II. **Plaintiff's breach of contract claim must be dismissed because Plaintiff admits failing to do what the contract required her to do—make payments.**

Plaintiff argues that she was allowed to not perform under the contract because Defendant had breached the contract first. (ECF 62, at Point A, at 6-7, 10 ("Plaintiff had an excuse to stop their part of performance").) But being excused from performance under a contract is not the ground on which Defendant seeks summary judgment. Plaintiff does not seek in this lawsuit to be excused from performance, but rather Plaintiff affirmatively seeks to assert breach of contract. And Plaintiff cannot assert breach of contract as a matter of law where Plaintiff herself breached the contract.

Plaintiff makes a strawman argument by stating that, "Defendant's argument fails to prove that they had not materially breached the contract." (ECF 62 at 10.) But that isn't Defendant's argument at all. Defendant's argument, rather, is that as

a matter of law Plaintiff cannot maintain a breach of contract claim where Plaintiff admits to breaching the contract herself.

The legal authority and cases cited by Plaintiff illustrate Plaintiff misconstruing Defendant's argument in support of summary judgment. Plaintiff pretends that at issue is whether Plaintiff is excused from performing under the contract. Excuse is not the issue. Initially, Plaintiff cites to New Jersey Jury Instructions 4.10L for the uncontroversial proposition that "breaches of contract are actionable." (ECF 62, at 6.) Next, Plaintiff cites to the following cases at page 7 of Plaintiff's brief:

- *Chance v. McCann,* 405 N.J. Super. 547 (App. Div. 2009), for the proposition that a "'material breach of a contract by one party can excuse further performance by the other party." But because excuse from performance is not Defendant's basis for entitlement to summary judgment, the case citation is irrelevant.

- *Ingrassia Constr. Co., Inc. v. Vernon Twp. Bd. Of Educ.*, 345 N.J. Super. 130 (App. Div. 2001) for the proposition that if one party breaches a contract the "other party may elect to terminate it." This is an irrelevant proposition considering that Plaintiff never terminated the contract. Instead, Plaintiff continued receiving the fruits of the contract and it was Defendant that eventually terminated the contract due to Plaintiff's nonpayment.

-4-

- *Magnet Res. Inc. v. Summit MRI, Inc.*, 318 N.J. Super. 275 (App. Div. 1998) for the purpose of discussing issues relating to a materiality of the breach. But this discussion about materiality is never connected by Plaintiff to any argument raised in this motion by either side.

- The *Chance* case is cited again, this time to add to the irrelevant issue of materiality. Plaintiff never argues any issue of materiality somehow preventing Defendant's right to summary judgment, despite citation to propositions in case law about materiality.

To recap why Defendant is entitled to summary judgment: Defendant is entitled to summary judgment because Plaintiff can only sustain a breach of contract claim if she can demonstrate that she "did what the contract required" her to do. New Jersey Model Jury Charge (Civil), § 4.10A "The Contract Claim—Generally" (May 1998) (emphasis added), **Exhibit 11**; see *Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501, 512 (2019) (stating among elements that plaintiff must prove that "plaintiff did what the contract required"). Since Plaintiff intentionally refused to pay under the contract—thus breaching the contract herself—Plaintiff cannot satisfy a required element for a breach of contract claim. This basis for summary judgment was made explicit in Defendant's moving brief (ECF 61-2, at Point II).

By intentionally failing to make payments under the Residency Agreement, Plaintiff did not do what the contract required her to do. While the record was already clear, in opposition Plaintiff again admits that in December 2019 she "decided to withhold payment" (Plaintiff's affidavit in opposition to motion, at ¶ 42, ECF 62-2). This means Plaintiff is incapable of setting forth all of the elements to a breach of contract claim. Accordingly, Plaintiff cannot satisfy a required element for a breach of contract claim and Defendant is entitled to summary judgment.

### III. Plaintiff's new theory of restitution does not alter Plaintiff's obligation to set forth a foundation upon which damages can be awarded.

Plaintiff argues that restitution for an undetermined amount is the damages remedy being sought (ECF 62, at 10-11). This is new, and asserting a flexible equitable doctrine such as restitution should not save Plaintiff from the consequences of avoiding discovery on damages. Indeed, Plaintiff's ad damnum for the breach of contract claim does not mention restitution (*see* Complaint, at Count One, ECF 61-5, **Exhibit 2**). Whatever theory of damages Plaintiff intended to pursue, Defendant was entitled to discovery about it. Defendant asked about damages in discovery, got nothing, and Plaintiff cannot be allowed to proceed to a trial after not putting forth any foundation on what damages allegedly exist and how they might be calculated.

Plaintiff is being unfair here. Defendant asked for damages discovery, but did not get anything substantive in response. And, even now, Defendant has no basis on which to ascertain either the method by which Plaintiff calculates damages or what the total damages amount sought might be.

Plaintiff acknowledges the need to "demonstrate damages with reasonable certainty" (ECF 62 at 10). But Plaintiff does not provide any certainty at all. After all, Plaintiff cannot cogently claim Ms. Schwartz residing at Brighton Gardens from August 28, 2018 until March 23, 2020 did not confer any value whatever on Plaintiff or Ms. Schwartz for which Defendant is rightfully entitled to some monetary credit under the contract. Thus, if there were unjust enrichment, some calculation would be needed to determine by what amount. Plaintiff offers no foundation by which a trier of fact could make a calculation of any alleged unjust enrichment.

In discovery, Plaintiff stated that an expert would be needed to calculate damages. Now, Plaintiff abandons the idea of an expert and substitutes that with a fuzzy notion about restitution. Defendant should not be forced to defend a phantom damages claim. Plaintiff cannot maintain a breach of contract cause of action because of Plaintiff's inability to lay a foundation from which damages can be calculated. Without an ability to demonstrate damages, Plaintiff cannot

maintain a breach of contract claim, thereby entitling Defendant to summary judgment.

## IV. Plaintiff waives the conversion claim.

"Plaintiff waives her conversion claim" (ECF 62, at Point B, at 5). Accordingly, Defendant's summary judgment motion is unopposed with regard to the conversion claim.

## V. Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff does not have any medical or expert proof.

Plaintiff incorrectly seems to argue that the absence of an expert—as opposed to the absence of medical or expert proof—is Defendant's basis for seeking summary judgment on the claim for intentional infliction of emotional distress. This is surprising considering that Defendant's moving brief explicitly opens this argument as follows: "Plaintiff does not have any medical evidence or expert proof of emotional distress." (ECF 61-2, at 9.) And the point heading to the argument similarly states: "Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff does not have any medical or expert proof." (*Id.*)

Proof is what matters to avoid the danger of spurious claims proceeding to trial. And proof for a claim of intentional infliction of emotion distress usually

comes by way of expert testimony and medical proof. Neither of those things exist in this case.

Instead of medical or expert proof, Plaintiff opposes the motion by citing to Plaintiff's affidavit describing grievances she and her mother had—which Plaintiff assumes caused her mother emotional damage. That is insufficient as a matter of law.

It is useful to pause to recall the following from *Turner v. Wong*, 363 N.J. Super. 186, 200 (App. Div. 2003) case:

> Severe emotional distress is a severe and disabling emotional or mental condition *which may be generally recognized and diagnosed by trained professionals*. The emotional distress must be *sufficiently substantial to result in either physical illness or serious psychological sequelae*. The standard is an objective one. (Citations omitted, italics added.)

With this in mind, the Court should proceed to evaluate Plaintiff's supposed proof of severe emotional distress. Plaintiff's proof is insufficient as a matter of law.

Plaintiff begins by citing to her affidavit in opposition to the motion for the purpose of saying that in March 2020 Ms. Schwartz received medical care due to illness and internal bleeding stemming from stress. (ECF 62, at 12.) No evidence from that medical care exists in the motion record. Plaintiff's speculative, hearsay statement about medical care should be disregarded.

To be clear, Plaintiff has not produced a single medical record showing Ms. Schwartz suffered from or was diagnosed with "internal bleeding." Thus, there is no evidence of this condition in the record and certainly no evidence purportedly linking such a condition to any act or omission by Defendant.

Plaintiff freely speaks about what Ms. Schwartz must have felt or things she believes must have happened outside of Plaintiff's presence. (*See, e.g.,* Plaintiff's affidavit in opposition to motion, at ¶ 39, ECF 62-2 ("she now felt"); *id.* ¶ 41 (stating Defendant retaliated by hiding a T.V. remote that Plaintiff found in a "spot where my mother would not be able to place it")). This is all inadmissible hearsay. As pointed out in Defendant's moving brief, "[f]or a court to consider hearsay evidence on summary judgment, a party submitting hearsay must adequately explain the admissible form in which such evidence will be offered at trial" (ECF 61-2, at 2 (citing *Read v. Profeta*, 397 F. Supp. 3d 598, 645 (D.N.J. May 29, 2019)).) Plaintiff never explains how Ms. Schwartz's feelings or statements—as articulated by Plaintiff in places like the affidavit in opposition to this motion—can ever be admissible at trial.

Plaintiff's expert acknowledges he is not qualified to opine on Ms. Schwartz's mental or physical health. *See* Expert Julian Rich deposition of 10/6/22 at 162:8-12, **Exhibit 8**. No medical evidence exists, Ms. Schwartz is deceased,

-10-

and Plaintiff merely speculates about what Ms. Schwartz may have experienced. Without any admissible proof, Plaintiff's claim of intentional infliction of emotional distress must be dismissed.

### VI. Alternatively, Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff fails to satisfy the element of severity.

The emotional distress must be sufficiently substantial to result in either physical illness or serious psychological sequelae. *See Aly v. Garcia*, 333 N.J. Super. 195, 204 (App. Div. 2000). In *Aly*, the court held that it was not enough for the plaintiff to allege that she was "acutely upset" by the incident in question, especially where no medical assistance or counseling was sought. *Id.* at 204-05. Plaintiff's opposition brief recognizes the relevance of the *Aly* case (ECF 62, a 13).

Here, there is no evidence of emotional distress sustained by Ms. Schwartz apart from perhaps inadmissible assertions that are hearsay or lay opinion. Certainly, nothing in the motion record corroborates the presence of physical illness or serious psychological sequelae caused by any of Defendants' alleged acts or omissions. Thus, Defendant is entitled to summary judgment on the claim for intentional infliction of emotional distress.

## Conclusion

Plaintiff fails to set forth required elements for all of the counts of the complaint. Defendant is entitled to summary judgment in its favor and the dismissal of the complaint with prejudice.

Date: May 8, 2023

                              Respectfully submitted,
By: s/ Rafael Vergara
      Rafael Vergara, Esq.
      Mariam A. Hashmi, Esq.
      White and Williams LLP
      7 Times Square, Suite 2900
      New York, NY 10036
      Phone: 212-244-9500
      E-mail: vergarar@whiteandwilliams.com
      *Attorneys for defendant Sunrise Senior Living Services, Inc.*